UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. NERI MANASSAH HAMID TAWFIQ,

    Plaintiff,                               Case No. 2:22-cv-10163

v.                                             Paul D. Borman
                                             United States District Judge

MR. JEFFREY JOHNSON,

    Defendant.
_____/

## OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING PLAINTIFF'S COMPLAINT

**Introduction**

In this case, pro se Plaintiff Dr. Neri Manassah Hamid Tawfiq alleges that Defendant Mr. Jeffrey Johnson terminated him from his job as a Staff Pharmacist at the Veterans Health Administration ("VHA") because of his disability. Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, this Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. Background**

Plaintiff filed a Complaint against Defendant on January 26, 2022. (ECF No. 1.) In this Complaint, Plaintiff alleged that his suit could be heard in federal court on the basis of federal question jurisdiction. (PageID 3.) But Plaintiff did not state what

1

that federal question was; he left blank the section of the Complaint form asking for "the specific federal statues, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (PageID 4.)

Plaintiff's "Statement of Claim" read as follows:

1st I reported to Mr. Jeffrey Johnson a report of contact telling him, why I could not perform the job task. This was given to him prior to 3-23-2021 from telling about the pain due to disability, that I was having in my back.

2nd Mr. Jeffrey Johnson told EEOC investigator that I was lying, and he terminated me from my employment leading to devastating outcomes.

(PageID 5.)

He asked for "$950,000 for discrimination against [his] disability, lost of employment, and multiple job loses." (PageID 6); *see also* (PageID 5) (stating that the amount in controversy is $950,000, which "Mr. Jeffrey owes due to discrimination against [Plaintiff's] disability that lead to a wrongful termination.").

To the Complaint, Plaintiff attached: a March 24, 2021 Notification of Plaintiff's termination from his position as a Staff Pharmacist at the VHA, (PageID 8); a Performance Appraisal, (PageID 9–15); an affidavit from Defendant, submitted in a Department of Veteran Affairs Office of Resolution Management ("VAORM") case that Plaintiff filed against the Department of Veteran Affairs, in which Defendant denies making, or hearing about others making, inappropriate comments about Plaintiff's disability, race, color, hair, sex, and sexual orientation during

2

Plaintiff's employment at the VHA, (PageID 16–22); another copy of Defendant's affidavit, on which (presumably) Plaintiff has written his disagreements with Defendant's statements ,(PageID 23–26); emails between Defendant and a VAORM employee about Plaintiff's VAORM case and Defendant's interactions with Plaintiff, (PageID 27–28); another copy of those emails, annotated (again presumably) by Plaintiff, (PageID 32–33); two illegible emails, (PageID 29–30); a written Report from another VHA employee about a disagreement she had with Plaintiff, (PageID 31); a March 18, 2021 email from Defendant to Plaintiff about a Code of Conduct violation entered against Plaintiff, other employee statements supporting that violation, and Plaintiff's manner of stacking bins, (PageID 34); a Civil Cover Sheet for this case, on which Plaintiff did not specify the "Cause of Action," (PageID 35); and a Local Rule 83.11 form indicating that this case had not been previously dismissed and did not have any companion cases, (PageID 36).

The next day, January 27, Plaintiff amended his Complaint with a Complaint for Employment Discrimination form. (ECF No. 4.) He clarified that he is "not suing . . . Veteran Afffairs"; rather, he is "suing Mr. Jeffrey Johnson directly." (PageID 40.) He stated that the Americans with Disabilities Act ("ADA") provides the basis for his jurisdiction. (PageID 45.) He alleged that Defendant discriminated against him because of his disability or perceived disability between March 9, 2021 and March 23, 2021 by terminating his employment and stating on an "EEOC-

3

Investigation affidavit . . . that [he] was fabricating about the pain in [his] lower back." (PageID 46.) He reiterated that he is seeking $950,000 in damages. (PageID 48.) And he indicated that he filed a charge with the EEOC in April 2021 but the EEOC has not issued a Notice of Right to Sue letter. (PageID 48.)

Plaintiff attached to his Amended Complaint: another Civil Cover Sheet, another Local Rule 83.11 form, and a March 23, 2021 letter stating that he was terminated from his position as a Staff Pharmacist "for failure to qualify during [his] probationary/trial period . . . due to conduct." (PageID 51–55.) This letter explained that Plaintiff could "seek review" of his termination by, among other methods, "pursuing a discrimination complaint with the Office of Resolution Management," (PageID 53), or "fil[ing] a complaint of discrimination" with the EEOC, (PageID 54).

## II. Plaintiff's Application to Proceed Without Prepaying Fees or Costs is Granted

On January 26, Plaintiff also filed an Application to Proceed *in Forma Pauperis*. (ECF No. 2.) The Court finds this Application to be facially sufficient and therefore **GRANTS** it. *See* 28 U.S.C. § 1915(a); *Burns v. Stroud*, No. 21-cv-11196, 2021 WL 2156190, at *1 (E.D. Mich. May 27, 2021).

**III. Plaintiff's Complaint is Dismissed for Failure to State a Claim**

The Court must liberally construe the pleadings and filings of pro se plaintiffs. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Nonetheless, the Court must *sua sponte* dismiss a Complaint filed *in forma pauperis* if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim if it does not "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Jones v. Commonwealth*, No. 18-5601, 2019 WL 2483276, at *1 (6th Cir. Jan. 3, 2019) ("Unsupported legal conclusions and speculative allegations will not suffice to state a claim." (citing *Iqbal*, 556 U.S. at 679)).

This Court **DISMISSES** Plaintiff's Complaint and Amended Complaint for failure to state a claim on which relief may be granted, for two reasons. First, Plaintiff cannot state a claim against Defendant "directly," (PageID 40), "separate from the VA," (PageID 48), because the ADA only applies to employers—not individual supervisors. *See Lloyd v. City of Streetsboro*, No. 18-3485, 2018 WL 11298664, at *6 (6th Cir. 2018) ("[T]o the extent that Lloyd's Title II claim was brought against the individual defendants in their personal capacities, it was properly

dismissed because there is no individual liability under the ADA."); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) ("[N]umerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included with the statutory definition of 'employer' under Title VII *and its sister civil rights statutes*, and accordingly cannot be held personally liable for discrimination." (emphasis added)). Second, Plaintiff cannot state a claim under the ADA without a Right to Sue letter from the EEOC. *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004) ("[A] plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right-to-sue letter from the EEOC. Mayers failed to file a timely charge with the EEOC and failed to obtain a right-to-sue letter as is required before bringing a claim under the ADA. Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action." (internal citations omitted) (citing, among other cases, *Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96, (1990))); *Srygley v. Crystal Emp. Servs.*, No. 16-CV-10346, 2016 WL 2591880, at *2 (E.D. Mich. May 5, 2016) ("An employee must possess a right to sue letter from the EEOC prior to filing suit in order to exhaust his administrative remedies under the ADA. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e-5(f)(1) apply to ADA claims).").

6

**Conclusion**

For the reasons listed above, Plaintiff's Application to Proceed *in Forma Pauperis* is **GRANTED** and his Complaint is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court finds that Plaintiff may not appeal this Order *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IT IS SO ORDERED.**

                                                 s/Paul D. Borman
                                                 Paul D. Borman
                                                 United States District Judge

Dated: January 28, 2022